UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EMANUEL DUDLEY, III,<br><br>               Plaintiff,<br>    v.<br><br>AMBER CLAVELLE,<br><br>               Defendant. | Case No. 3:22-cv-5627-JCC-TLF<br><br>REPORT AND RECOMMENDATION |

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and proposed complaint. Dkt. 1-1. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth herein, the Court should deny plaintiff's motion for leave to proceed *in forma pauperis*.

Plaintiff bring this action against the named defendant alleging that the defendant called the police to make false allegations of domestic violence and assault. Dkt. 1-1 at 4-5. Plaintiff alleges that the defendant made false allegations to the police and during a court proceeding to intentionally harm plaintiff. Dkt. 1-1 at 4-6.

The Court issued an order explaining that plaintiff's complaint failed to state a cause of action under 42 U.S.C. § 1983 because the named defendant was not a person acting under color of state law for purposes of Section 1983. Dkt. 5. The Court

also explained that plaintiff's state law claims were subject to dismissal because they were based on state criminal statutes that did not create a privately enforceable right of action. Dkt. 5. The Court directed plaintiff to show cause why plaintiff's IFP application should not be denied or file a proposed amended complaint to cure, if possible, the deficiencies identified in the Court's order. Dkt. 5. The Court set the deadline for plaintiff to show cause or file an amended complaint for September 30, 2022. Dkt. 5. Plaintiff has not filed a response to the Court's order and has not filed a proposed amended complaint correcting the deficiencies identified in the Court's order.

Based on plaintiff's failure to file a timely response to the Court's Order to Show Cause and because plaintiff's proposed complaint remains fatally deficient, the Court should deny plaintiff's motion for IFP.

## CONCLUSION

Because plaintiff has been granted the opportunity to state a viable claim under 42 U.S.C. § 1983 by filing an amended complaint – but has failed to file a response or proposed amended complaint, the Court should deny the motion for IFP. A plaintiff is not entitled to submit written objections to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988)*.*

The Court should direct plaintiff to pay the Court filing fee within 21 days of adoption of this order if he wishes to proceed with this action. If plaintiff fails to pay the Court filing fee, the Clerk of the Court should be directed to close the case. Plaintiff

1  should be aware that if he pays the filing fee, and if the case is later dismissed by the

2  Court (with or without prejudice) for failure to state a claim, or because it is frivolous or

3  malicious, then the dismissal would be counted as a strike under the PLRA. *Lomax v.*

4  *Ortiz-Marquez,* 140 S.Ct. 1721, 1726-1727 (2020).

5  Dated this 12th day of October, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3